UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN SINCLAIR, ALLAN AND DOLLIE STRAUGHN, | : | |
| Plaintiffs, | : | |
| v. | : | NO. 1:11-CV-00010 |
| SHAUN DONOVAN, et al., | : | |
| Defendants. | : | **OPINION AND ORDER** |
| BAC HOME LOAN SERVICING, LP f/k/a Countrywide Home Loans Servicing LP, | : | |
| Plaintiff/Counterclaim Defendant | : | NO. 1:11-CV-00079 |
| v. | : | |
| T.J. EVANS, et al., | : | |
| Defendants/Counterclaim Plaintiffs/Cross-claim Plaintiffs | : | |
| v. | : | |
| SHAUN DONOVAN, et al., | : | |
| Cross-claim Defendants | : | |

This matter is before the Court on Plaintiffs' Motion to Consolidate (doc. 13) and the Motion to Consolidate filed by the Government Defendants (doc. 15), together with the respective responsive memoranda. Plaintiffs and the Government Defendants

seek to consolidate this case with BAC Home Loan Servicing, LP v. Evans et al., case no. 11-cv-79 (the "Evans Case"), currently assigned to Judge Dlott in the Southern District of Ohio.  The non-Government Defendants oppose consolidation of the cases.  For the reasons that follow, the Court GRANTS the Motions to Consolidate (docs. 13 and 15).

Both this case (the "Sinclair Case") and the Evans Case arise out of circumstances surrounding properties owned by the Sinclair Plaintiffs and the Evans Defendants/Counterclaim Plaintiffs/Cross-claim Plaintiffs, each with loans serviced by Defendants BAC Home Loan Servicing (with Defendant Bank of America, the "Lender Defendants") and insured by the Government Defendants. In brief, according to the complaints in the two cases and the cross-complaint in the Evans case, the homeowners fell behind in their mortgage payments.  Foreclosure proceedings were filed against the Evans homeowners, and the Sinclair homeowners' loans were accelerated and they seek to bar the lenders from filing foreclosure proceedings against them.

Both cases raise the following claims by the homeowners: (i) that the Government Defendants and the Lender Defendants violated their due process rights by not providing adequate notice and an opportunity to be heard regarding loss mitigation; (ii) that the Lender Defendants breached their contract with the homeowners by accelerating the loans without first complying with relevant

-2-

Government regulations that were incorporated into the contracts; (iii) that the Lender Defendants breached their fiduciary duty to the homeowners by failing to properly process the paperwork submitted for loss mitigation and engaging in unreasonable and arbitrary conduct with respect to the homeowners' accounts; (iv) that the Lender Defendants breached the covenant of good faith and fair dealing by not promptly and reasonably evaluating the homeowners for their eligibility for loan modification or other loss mitigation options; and (v) that the Lender Defendants are liable to the homeowners for intentional infliction of emotional distress by improperly servicing the homeowners' loans in a manner that intentionally, recklessly, knowingly and/or negligently caused the homeowners emotional distress (Sinclair Case doc. 12; Evans Case doc. 1-15).

Those moving to consolidate the cases contend that the cases present "identical legal issues" and "nearly identical" factual issues and consequently should be consolidated. The Lender Defendants argue that consolidation is inappropriate here because of the significant factual differences in the two cases and because they, according to the Lender Defendants, are in different places procedurally. Specifically, the factual differences highlighted by the Lender Defendants include the analysis used to determine the homeowners' financial circumstances (including their defaults and their claims to eligibility for loss mitigation) and the medical,

psychiatric and personal financial circumstances that will arise by virtue of the personal injury claims (Sinclair Case doc. 20). In addition, the Lender Defendants contend that the Evans Case involves a "run of the mill state court action" involving a foreclosure and accuse the Evans homeowners of merely trying to delay the foreclosure by seeking consolidation with the Sinclair Case, which is not a foreclosure action but a "regular civil case", and that they would be prejudiced by delaying the resolution of the Evans foreclosure (Id.). Further, the Lender Defendants contend that judicial economy would not be served because the parties have not engaged in discovery in the Sinclair Case but have a pending motion to dismiss in the Evans Case (Id.).

The Court is not persuaded by the Lender Defendants' concerns. Rule 42(a) of the Federal Rules of Civil Procedure allows a court, in its discretion, to consolidate actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Here, the Sinclair and Evans cases do not simply present "a" common question of law; they present *many* common questions of law. In fact, *all* of the legal questions presented by the Sinclair complaint and the Evans cross-complaint are common. As the homeowners observe, given the undecided nature of the claims they present, judicial economy would not be served by allowing for a situation where identical legal issues are resolved differently by different jurists in the same district.

Further, again as noted by the homeowners, there are also many <u>factual</u> issues in common; indeed, the behavior of the Lender Defendants and the Government Defendants is alleged to have been the same in both cases.  Specifically, the homeowners assert that the Lender Defendants failed to take the same actions with each of the homeowners, the loss mitigation framework will be the same for each, and each homeowner's contract contains the same relevant language and each participated in the same Government-insured loan program, all common factual issues.  Therefore, consolidation will additionally serve the interests of judicial economy because fact and expert witnesses will only be needed once on issues such as the loss mitigation program and the contracts.

While there are sure to be factual differences with respect to the homeowners' individual financial circumstances and medical and psychiatric issues, Rule 42(a) does not require identicality of all facts and legal issues; it merely requires that there be "a common question of law or fact."  Plenty of both are present in these cases.  There are multiple options available to the Court and the parties in order to manage factual differences that might arise that could, for example, affect damages; such differences present no obstacle to consolidation.

In addition, the Lender Defendants have recently submitted a motion to dismiss in the Sinclair Case, a motion essentially identical to that submitted and pending in the Evans

Case, so the Lender Defendants' argument regarding the differing procedural postures of the cases falls flat.  Similarly, the Court is unmoved by the Lender Defendants' unsubstantiated assertion that the Evans homeowners are merely seeking to delay the resolution of their "run of the mill" foreclosure case.  The Court sees no difference between the foreclosure case in Evans and the "regular civil case" presented in Sinclair that would preclude consolidation.  The Court is fully capable of resolving the pending motions to dismiss in each case, when they are ripe, in a timely manner.  In any event, as the homeowners point out, should the Lender Defendants eventually succeed in their foreclosure against the Evans homeowners, an outcome the Court notes is not a foregone conclusion, the Lender Defendants' losses incurred in paying the taxes and insurance on the Evans homeowners' properties will be covered by the Government, who supports consolidation here.

For these reasons, pursuant to Federal Rule of Civil Procedure 42(a), the Court finds that judicial economy is best served by consolidating <u>John Sinclair, et al., v. Shaun Donovan, et al.</u>, case no. 11-cv-10, with <u>BAC Home Loan Servicing, LP, f/k/a Countrywide Home Loans Servicing LP v. T.J. Evans, et al., v. Shaun Donovan, et al.</u>, case no. 11-cv-79. Consequently, the Court GRANTS the pending motions to consolidate (Sinclair docs. 13 and 15) and DIRECTS the Clerk's Office to consolidate the two cases, transferring case no. 11-cv-79 to this Court.

SO ORDERED.

Dated: May 12, 2011           /s/ S. Arthur Spiegel

                              S. Arthur Spiegel

                                United States Senior District Judge